IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

MICHIGAN MILLERS MUTUAL
INSURANCE COMPANY,

       Plaintiff,

v.

CHAD ERNST, WAYNE SCHUETZ
and KEVIN PAUL,

       Defendants.                     Case No. 10-cv-220-DRH

## ORDER

**HERNDON, Chief Judge:**

The purpose of this Order is for the Court to raise the issue, *sua sponte*, of whether it has subject matter jurisdiction over this case. "Without jurisdiction the court cannot proceed at all in any cause. Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause." ***Ex parte McCardle*, 7 Wall. 506, 514 19 L. Ed. 264 (1868); *Steel Co. v. Citizens for Better Environment*, 523 U.S. 83, 94 (1998)**. In fact, federal courts are "obliged to police the constitutional and statutory limitations on their jurisdiction" and should raise and consider jurisdictional issues regardless of whether the matter is ever addressed by the parties to the suit. ***See Kreuger v. Cartwright*, 996 F.2d 928, 930-31 (7th Ci r. 1993); *Kanzelberger v. Kanzelberger*, 782 F.2d 774, 777 (7th Cir. 1986)**.

  
Moreover, the party invoking federal jurisdiction bears the burden of demonstrating that the jurisdictional requirements have been met. ***Chase v. Shop 'N Save Warehouse Foods, Inc.*, 110 F.3d 424, 427 (7th Cir. 1997)**. "A defendant meets this burden by supporting [its] allegations of jurisdiction with 'competent proof,' which in [the Seventh Circuit] requires the defendant to offer evidence which proves 'to a reasonable probability that jurisdiction exists.'" ***Id***. However, if the district court lacks subject matter jurisdiction, the action must be dismissed.

Plaintiff Michigan Millers Mutual Insurance Company has filed its Declaratory Judgment Complaint (Doc. 5), alleging diversity jurisdiction, pursuant to **28 U.S.C. § 1332**. The statute regarding diversity jurisdiction, **28 U.S.C. § 1332**, requires complete diversity between the parties plus an amount in controversy exceeding $75,000, exclusive of interest and costs. Complete diversity means that "none of the parties on either side of the litigation may be a citizen of the state of which a party on the other side is a citizen." ***Howell v. Tribune Entertainment Co.*, 106 F.3d 215, 217 (7th Cir. 1997) (citations omitted)**. Therefore, factual allegations of *citizenship* must be made in the pleadings when demonstrating complete diversity. ***See Chicago Stadium Corp. v. State of Indiana*, 220 F.2d 797, 798-99 (7th Cir. 1955)(emphasis added)**.

The Court notes two flaws to Plaintiff's Complaint in regards to establishing the requirements for diversity jurisdiction. First, while Plaintiff alleges the residency of Defendants, it has failed to allege their *citizenship*, which is

obviously necessary under the law to establish proper diversity of citizenship.  The Court believes this is likely a misuse of terms and may be able to be amended accordingly.  Yet, as the Complaint currently stands, the Court cannot accept allegations of a party's residency as sufficient grounds for establishing diversity jurisdiction.

Second, the Court finds that the Complaint has not adequately established the value of the case exceeds the threshold amount in controversy, as required by § 1332.  In determining whether the jurisdictional threshold amount has been met, pursuant to § 1332, the Court must evaluate "the controversy described in the plaintiff's complaint and the record as a whole, as of the time the case was filed." ***Uhl v. Thoroughbred Tech. and Telecomm., Inc.*, 309 F.3d 978, 983 (7th Cir. 2002) (citing *Shaw v. Dow Brands, Inc.*, 994 F.2d 364, 366 (7th Cir. 1993))**. While the plaintiff in the underlying suit appears to be seeking damages which likely will exceed $75,000 (*see* Doc. 5, Ex. 1), this case centers around Plaintiff's request for a declaration that defendants Ernst and Schuetz are not covered by the insurance policy at issue in the suit (Doc. 5, Ex. 2), there are no allegations to establish the limits of the policy if the Court determined that the Defendants were, in fact, covered – in other words, what Plaintiff may potentially have to pay out in either defense and/or indemnification costs.  The insurance policy also fails to specify how much the policy itself is worth (Doc. 5, Ex. 2).  Therefore, nothing from the face of the Complaint or the exhibits attached thereto aids the Court

in determining that the amount in controversy exceeds $75,000.

Without those allegations, the Court does not have the authority to "consider the merits of a case over which it is without jurisdiction." ***Firestone Tire & Rubber Co. v. Risjord*, 449 U.S. 368, 379 (1981)**.  However, the Court is not concluding that subject matter jurisdiction does *not* exist.  Yet, it is currently in question, and thus, not established.  Accordingly, Plaintiff's Complaint (Doc. 5) is **DISMISSED, WITHOUT PREJUDICE,** for failure to properly plead and establish subject matter jurisdiction.  Plaintiff is **ALLOWED** leave to file an Amended Complaint properly setting forth subject matter jurisdiction within **THIRTY (30)** days from the date of this Order.  The Court instructs the Clerk to keep the case file open in order to allow Plaintiff **thirty (30) days** from the date of this Order to file an Amended Complaint.  If Plaintiff does not timely file an Amended Complaint or fails to timely request an extension of time, the Clerk is instructed to close the case file.

**IT IS SO ORDERED**.

Signed this 25th day of March, 2010.

/s/  *David R Herndon*

**Chief Judge**
**United States District Court**